## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 2:98cr308

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JAMES EDWIN CONNER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, on the 21st of November 2005, pursuant to a motion filed by the defendant on November 15, 2005 entitled "Motion for Bond". The undersigned has considered this motion as a motion in the cause requesting that the undersigned modify an Order of Detention filed in this matter on September 28, 2005. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, Janna D. Allison, and that the government was present through Assistant United States Attorney, Donald Gast, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: On May 10, 1999 the defendant was sentenced by Lacy H. Thornburg, United States District Judge, to a term of imprisonment of 57 months followed by 36 months supervised release. The defendant was released on terms and conditions of supervised release on September 29, 2003. On September 13, 2005 a petition was filed by Mark D. Corbin, United States Probation Officer, alleging that the defendant had violated terms and conditions of his supervised release. The petition alleged that the defendant violated the conditions of supervision that states...."the defendant

shall not unlawfully purchase, possess, use, distribute or administer any narcotics or other controlled substance or any paraphernalia related to such substances, except as duly prescribed by a licensed physician", in that the defendant submitted to an urinalysis on March 4, 2004, August 12, 2004, April 13, 2005 and July 11, 2005 which tested positive for methamphetamine. In violation of allegation number 2 it was alleged that the defendant had violated the condition that required him to participate in a program of treatment for substance abuse in that on September 2, 2005 the defendant was terminated from treatment due to testing to positive for methamphetamine and providing methamphetamine to another individual attending the treatment group. On September 28, 2005, the undersigned entered an order detaining the defendant finding that after considering the factors as set forth under 18 U.S.C. § 3142(g) that there was clear and convincing evidence that the release of the defendant would pose a danger to any other person or the community.

On November 15, 2005 the defendant filed a "Motion for Bond" alleging that the undersigned had advised in open court that he would reconsider a bond after the defendant had been in custody for 45 days but the defendant had "matters that he needs to take care of prior to the hearing on January 4, 2006" which was the date scheduled for the hearing of the allegations contained in the petition which was scheduled to be heard before Judge Thornburg. Evidence was presented by the defendant and through Kay Williams who is a friend of the defendant and has known the defendant for a period of over 30 years. Ms. Williams testified that she had made arrangements for the defendant to reside at a guest room in Franklin, North Carolina if he was released on terms and conditions of pretrial release. Ms. Williams described that the residence had a telephone where the defendant could be monitored through electronic monitoring. She further testified that she was in a position to closely watch the defendant and could stop by the defendant's

2

residence three or four times per day. She further testified that arrangements had been made whereby the defendant could return to his previous employment at Franklin Grading but that he could also work with Ms. Williams assisting her in her work of cleaning homes.

The records in this cause show that after the motion of the defendant was filed that a notice of hearing was issued by the Clerk of the United States District Court resetting the hearing regarding the revocation of the supervised release of the defendant from January 4, 2006 to December 8, 2005.

**Discussion**. The undersigned has reexamined the factors as set forth under 18 U.S.C. § 3242(g) and findings the undersigned made as to those factors in the order filed on September 28, 2005 and has compared them to the evidence and arguments presented in regard to the defendant's motion. After reconsidering all of the factors, the undersigned concludes that the motion of the defendant should be denied. Briefly reviewing the factors again, the nature and circumstances of the offense charge involve a narcotic drug. The original charge against the defendant was possession with intent to distribute methamphetamine. The defendant is now charged with violating the terms and conditions of supervised release by using that same drug, that being methamphetamine, and by providing methamphetamine to other individuals who are undergoing treatment. The weight of the evidence against the defendant is strong due to the defendant testing positive on four separate drug analysis test for use of methamphetamine. The defendant has community ties, however, the evidence showed that the defendant's wife, to whom he had been married for 37 years, divorced him as a result of his criminal conviction regarding the use and possession of methamphetamine, thus the defendant does not any longer have significant family ties in the Macon County community. It has been alleged that the defendant, on September 2, 2005, provided methamphetamine to another individual attending a drug treatment program. There is powerful evidence that the release of the

defendant would create a danger of harm to any other person and the community. Providing methamphetamine to another person in the setting of a drug treatment program intensives the danger to the community. The release of the defendant would be only for a period of seventeen days due to the fact that his hearing regarding revocation of his supervised release is now scheduled for December 8th. A release of the defendant during that short period of time would not allow the defendant to gain any significant benefits from employment and would provide him with an opportunity to abuse methamphetamine again and would further, as stated above, create a risk of danger to other persons in the community. As a result of the foregoing, the undersigned has determined to deny the motion of the defendant.

IT IS THEREFORE **ORDERED** that the motion of the defendant entitled "Motion for Bond" is hereby **DENIED** and the defendant is ordered to continue to be detained pending hearing before the District Court.

**Signed: November 23, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge